# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>vs.<br><br>MICHAEL N. BENOIT, et al.,<br><br>                    Defendant. | CASE NO. 08cv2140-MMA(JMA)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RELIEF**<br><br>[Doc. No. 75] |

The United States brought this claim to reduce federal income tax assessments to judgment against Defendant Michael N. Benoit and to reduce the federal tax liens against his home in Lakeside, California. On June 1, 2010, the Court granted summary judgment in favor of the United States. Benoit moved for reconsideration of the Court's order. The Court denied his motion and Benoit appealed. The appeal is now pending before the Ninth Circuit. Benoit is proceeding *pro se* in this matter, as well as on appeal, and once again seeks relief from the Court's June 1, 2010 order. The United States opposes Benoit's motion. The Court took the motion under submission without oral argument pursuant to Civil Local Rule 7.1.d.1. For the following reasons, the Court **DENIES** Benoit's motion.

///
///
///

## BACKGROUND

The current dispute arises out of attorney Kari D. Larson's failure to maintain a consistent active bar status while prosecuting this action on behalf of the United States.[1] On March 14, 2011, Attorney Larson advised the Court and Benoit via letter that from July 2009 through February 2011 she was an inactive member of the State Bar of Minnesota. *See Benoit Decl'n*, Ex. 1. According to Larson, she changed her status based on the erroneous belief that she did not have to maintain an active bar status in Minnesota while practicing in Washington, D.C. at the Department of Justice. *Id*. The Minnesota State Bar reinstated her active status on February 25, 2011.[2]

Benoit now seeks relief from the Court's judgment against him based on Larson's unauthorized practice of law. Benoit cites Civil Local Rule 83.3.c.3 in support, which provides:

> **Attorneys for the United States**. An attorney who is not eligible for admission under Civil Local Rule 83.3.c.1.a hereof, but who is a member in good standing of, and eligible to practice before, the bar of any United States court or of the highest court of any state, or of any territory or insular possession of the United States, may practice in this court in any matter in which the attorney is employed or retained by the United States or its agencies. Attorneys so permitted to practice in this court are subject to the jurisdiction of the court with respect to their conduct to the same extent as members of the bar of this court.

Benoit asserts that because Larson was ineligible to practice before this Court, she was not authorized to act on behalf of the government, and all filings submitted by Larson between July 2009 and February 2011 should be stricken from the record. Benoit further asserts that the Court must vacate its June 1, 2010 order, which relied in substantial part on Larson's declaration and her authentication of critical tax documents. The United States argues that Larson's temporary inactive bar status is not a sufficient ground to set aside the judgment in this case.

///

///

---

[1] Because Benoit seeks relief on grounds unrelated to the merits of the Court's June 1, 2010 order, and June 2, 2010 judgment entered in accordance therewith, the underlying facts of the case are not directly relevant to the disposition of his motion and will not be discussed. The facts are detailed in the Court's June 1, 2010 and August 16, 2010 orders. *See* Doc. Nos. 63 & 69.

[2] According to the Minnesota State Bar's online member directory, Larson was admitted on October 25, 2002. The online directory results do not indicate the current status of her membership. *See* http://www.mnbar.org/search.asp (last visited 6/15/2011).

**DISCUSSION**

*1. Legal Standard*

Once a district court is divested of jurisdiction through appeal of a final judgment, it lacks the power to grant a motion brought pursuant to Federal Rule of Civil Procedure 60(b) without a remand from the court of appeals. *See Davis v. Yageo Corp.*, 481 F.3d 661, 685 (9th Cir. 2007). However, Federal Rule of Civil Procedure 62.1 provides that "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1. As such, the Court may consider Benoit's motion for relief under Rule 60(b), which provides as follows:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>   (1) mistake, inadvertence, surprise, or excusable neglect;
>
>   (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
>   (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>   (4) the judgment is void;
>
>   (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>   (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Benoit purports to seek relief pursuant to subsections (1), (2), (3), (4), and (6) above. His motion, filed on March 22, 2011, is timely.

*2. Analysis*

As a preliminary matter, the Court finds that relief is not available to Benoit under Rule 60(b)(1), (2), or (4). The order granting summary judgment in favor of the United States did not

1  result from mistake or inadvertence on the part of the Court, and Benoit does not allege surprise or
2  excusable neglect on his own part.  Thus, subsection (1) is not applicable.  The discovery of
3  Larson's inactive bar status does not constitute "newly discovered evidence" under subsection (2),
4  as the information has no bearing on the substance of the parties' claims and earlier discovery would
5  not have changed the ultimate disposition of the case.  In addition, subsection (4) is not applicable.
6  A final judgment is void, and therefore must be set aside, "only if the court that considered it lacked
7  jurisdiction, either as to the subject matter of the dispute or over the parties to be bound, or acted in a
8  manner inconsistent with due process of law." *In re Sasson*, 424 F.3d 864, 876 (9th Cir. 2005);
9  *United States v. Berke*, 170 F.3d 882, 883 (9th Cir. 1999).  Benoit has not alleged that the Court
10 lacked jurisdiction over this matter, and the Court did not act in a manner inconsistent with due
11 process.

12      Benoit urges the Court to grant relief pursuant to Rule 60(b)(3), arguing that Larson's
13 misrepresentation of her eligibility to practice perpetrated a fraud on the Court.  Benoit asserts, "[i]t
14 should go without saying, that being an unbarred attorney, signing declarations as an attorney/party,
15 would fit under at least one or more of the grounds for relief, such as (b)(3), "fraud,
16 misrepresentation" . . ." *Benoit Reply*, 3.  Under Rule 60(b)(3), "the moving party must establish by
17 clear and convincing evidence that a judgment was obtained by fraud, misrepresentation, or
18 misconduct, and that the conduct complained of prevented the moving party from fully and fairly
19 presenting the case." *Bunch v. United States*, 680 F.2d 1271, 1283 (9th Cir. 1982) (emphasis
20 added.).  While it is certainly true by her own admission that Larson misrepresented her bar status to
21 the Court, there is no evidence in the record to suggest that Larson's actions prevented Benoit from
22 defending himself vigorously.  Furthermore, Benoit's concerns regarding Larson's authentication of
23 evidence in support of the United States' summary judgment motion are misplaced.  There is no
24 reason to doubt the authenticity of the records themselves, which were mostly government
25 documents, or Larson's knowledge and ability to vouch for the truth of their content.  Thus, the
26 Court has no reason to believe any material facts used by the United States, and subsequently relied
27 upon by the Court, were false.  There is also no indication that Larson acted with fraudulent intent.
28 Fraud requires a deliberate act meant to deceive or trick the Court or an adversary.  *See Pumphrey v.*

1  *K.W. Thompson Tool Co.*, 62 F.3d 1128, 1131 (9th Cir. 1995), citing *In re Intermagnetics America*,
2  926 F.2d 912, 916 (9th Cir. 1991).  Larson misrepresented her bar status and violated this Court's
3  local rules of practice in so doing, but the Court is confident that she did not intentionally do so.
4        Finally, the Court may grant relief from judgment under Rule 60(b)(6).  This subsection
5  provides relief for "any other reason justifying relief from the operation of a judgment."  Fed. R.
6  Civ. P. 60(b)(6).  The Court has discretion to vacate a judgment under this subsection "whenever
7  such action is appropriate to accomplish justice."  *Klapprott v. United States*, 335 U.S. 601, 615
8  (1949). Generally, however, only "exceptional circumstances" will support relief under this
9  subsection. *Keeling v. Sheet Metal Workers*, 937 F.2d 408, 410 (9th Cir. 1991).  Benoit has not
10 demonstrated that the status of Larson's bar membership qualifies as an extraordinary or exceptional
11 circumstance warranting vacatur of the judgment against him.  Her inactive status had no discernible
12 impact on the case, she was supervised at all times by more experienced attorneys eligible to
13 practice law in this Court, and neither the United States or Benoit suffered any prejudice as a result.
14       In sum, Larson's temporary inactive bar status did not undermine the fundamental integrity
15 of these proceedings, the judgment in this case is not void, and Benoit is not otherwise entitled to
16 relief under Rule 60(b).  The Court would be remiss, however, if it concluded this order without
17 emphasizing that attorneys must, at all times, meet the highest standards of professional conduct.
18 Practicing before this Court absent an active state bar membership is clearly prohibited.  The Court
19 expects attorneys appearing on behalf of the United States, who are licensed in other jurisdictions
20 and enjoy the benefit of Civil Local Rule 83.3.c.3, to exercise the utmost care in maintaining their
21 eligibility to practice before this Court.

## CONCLUSION

23 Based on the foregoing reasons, the Court **DENIES** Defendant Michael N. Benoit's motion
24 for relief pursuant to Federal Rule of Civil Procedure 60(b).
25     **IT IS SO ORDERED**.
26 DATED: June 16, 2011

                         */s/ Michael M. Anello*
                        Hon. Michael M. Anello
                        United States District Judge